UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PEDRO ORTEGA,<br><br>        Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>        Respondents. | No. 1:25-cv-01663-DJC-CKD<br><br><br><br>ORDER |

On December 8, 2025, the Court granted Petitioner Jose Pedro Ortega's Motion for Temporary Restraining Order. (ECF No. 11.) The Court also ordered Respondents to provide a status report confirming Petitioner's release and to show cause as to why a preliminary injunction should not issue on the same terms as the Order. (*Id.*) On December 8, 2025, Respondents filed a status report confirming Petitioner's release. (ECF No. 12.) On December 10, Respondents filed a Response to the order to show cause. (Resp. (ECF No. 13).) Petitioner filed a Reply on December 18, 2025. (Reply (ECF No. 14).)

In their Response opposing the issuance of a preliminary injunction, Respondents provide no new argument beyond what was previously provided in their Opposition to the Motion for Temporary Restraining Order but additionally assert that "Respondent has attached a log of Petitioner's parole violations, which reflects three

missed check-ins and one check-in outside the authorized zone." (Resp. at 1 n.1.) However, the filing provides no such attachment.

In the Reply, Petitioner contends that Respondents have not cured the factual deficiencies in their argument that changed circumstances warranted Petitioner's re-detention. (Reply at 2.) The Court agrees and further finds that the issues presented in Petitioner's petition remain live. The government fails to carry its "heavy burden" to establish "it is *absolutely* clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United Farm Workers v. Noem*, 785 F. Supp. 3d 672, 739 (E.D. Cal. 2025) (citations omitted).

## CONCLUSION

For the foregoing reasons in addition to the Court's analysis provided in the order granting a temporary restraining order, IT IS HEREBY ORDERED that:

1. A Preliminary Injunction shall issue on the same terms set forth in the Temporary Restraining Order (ECF No. 11);

2. Having released Petitioner as required by the Temporary Restraining Order, Respondents shall not impose any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice—describing the change in circumstances necessitating his arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall have his counsel present;

4. This Order shall remain in effect until the resolution of this action or until otherwise ordered by the Court; and

5. This matter is referred to the assigned Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated: **December 22, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE