UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PEDRO ORTEGA,<br><br>    Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>    Respondents. | No. 1:25-cv-01663-DJC-CKD<br><br><br>ORDER |

Respondents Kristi Noem, et al., move for reconsideration of this Court's December 23, 2025 order granting Petitioner Jose Ortega's motion for a preliminary injunction. For the reasons stated below, the motion for reconsideration is denied.

Respondents contend that reconsideration is warranted because "the Court's ruling rested on an incomplete factual record, due to counsel's mistaken belief that the parole-violation log had been attached to Respondent's response to the Order to Show Cause." (Motion (ECF No. 16).) Respondents' counsel acknowledges that the purported violations "are not new facts and not newly discovered evidence[,]" but that correcting the omission "is necessary to prevent clear error and manifest injustice." (*Id.*)

1   The Court disagrees. "Although [Federal Rule of Civil Procedure] 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Relevant here, "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* Respondents' counsel had previous opportunities to supplement the factual record, particularly given that Petitioner's Reply (ECF No. 14 at 1) noted the omission of the parole records from Respondents' Response (ECF No. 13), and the failure to do so is not a sufficient basis to warrant reconsideration.[1]

Even if the Court were to exercise its discretion to consider the parole violations log, however, it would not change the Court's legal conclusion that "due process requires that assertion [of alleged violations] be tested at a hearing that meets constitutional requirements." (ECF No. 11 at 5.) The Court thus affirms its prior findings that Petitioner had a substantial liberty interest in his continued freedom from detention and satisfied the requirements for a preliminary injunction under the *Winters* factors. (ECF No. 15.)

Accordingly, Respondents' Motion for Reconsideration (ECF No. 16) is denied.

IT IS SO ORDERED.

Dated:  **December 29, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] Federal Rule of Civil Procedure 60(b) does not provide a sufficient basis for reconsideration either. The Ninth Circuit has said that "a preliminary injunction is not a 'final judgment, order, or proceeding' that may be addressed by a motion under Rule 60(b)." *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) (citations omitted).